FILED
2015 Jun-15  AM 09:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH CHIMERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.: |
| vs. | ) | |
| | ) | |
| ATHEROTECH, INC. d/b/a | ) | |
| ATHEROTECH DIAGNOSTICS | ) | |
| LAB, | ) | |
| | ) | **PLAINTIFF DEMANDS A** |
| Defendant. | ) | **TRIAL BY STRUCK JURY** |

## COMPLAINT

### JURISDICTION AND VENUE

1.      This is a suit to obtain relief to obtain relief for disability discrimination in violation of the Americans with Disabilities Act, as amended ("ADA") arising from the Defendant's denial of accommodations to the Plaintiff and the Defendant's termination of the Plaintiff on May 17, 2014.  Plaintiff further alleges that his termination amounted to unlawful retaliation in violation of the ADA.  Plaintiff also brings claims under the Family and

1

Medical Leave Act ("FMLA").

2.   The Court's powers are invoked pursuant to 28 U.S.C. §§ 1331, 1343(4) and

28 U.S.C. §§ 2201 and 2202.

3.   Venue is proper under 28 U.S.C. §1391.  The Defendant employed the

Plaintiff in Jefferson County, Alabama.

## ADMINISTRATIVE REMEDIES

4.   Defendant terminated the Plaintiff May 17, 2014.

5.   The Plaintiff, Joseph Chimera, filed a Charge of Discrimination against the

Defendant with the Equal Employment Opportunity Commission ("EEOC")

on or about August 14, 2014. *See Plaintiff's EEOC Charge, attached hereto

as Exhibit 1.*

6.   Plaintiff filed his Charge of Discrimination within 180 days of his

termination.

7.   In his EEOC Charge, Plaintiff alleged he had requested a reasonable

accommodation from the Respondent, but Respondent failed to provide him

with a reasonable accommodation for his disability.

8.   In his EEOC Charge, Plaintiff alleged he was both a qualified individual

with a disability and regarded as disabled.

2

9.   In his EEOC Charge, Plaintiff alleged Respondent terminated him because of his disability and/or because of his requests for accommodation.

10.  In his EEOC Charge, Plaintiff alleged he had been discriminated and retaliated against in violation of the ADA.

11.  On or about August 22, 2014, the EEOC sent a Notice of Charge of Discrimination to the Defendant directing that the Defendant provide "a statement of your position on the issues covered by this charge, with copies of any supporting documentation . . ."

12.  On or about October 22, 2014, the Defendant submitted to the EEOC its response to the Plaintiff's Charge of Discrimination.

13.  The Defendant's EEOC position statement contained three exhibits as supporting documentation: Atherotech's EEO Policy, Plaintiff's Handbook Acknowledgment Form, and an Email dated October 11, 2012 from Mike Mullen to the Plaintiff.

14.  On or about March 18, 2015, the EEOC issued a Notice of Right to Sue to the Plaintiff. *See Notice of Right to Sue, attached hereto as Exhibit 2.*

15.  The Plaintiff initiated this action within 90 days of March 18, 2015.

16.  All conditions precedent to the institution of this lawsuit have been fulfilled.

3

PARTIES

17.   The Plaintiff, Dr. Joseph Chimera, is over 19 years of age and resides in

North Carolina.

18.   The Defendant, Atherotech, Inc. d/b/a Atherotech Diagnostics Lab

("Atherotech"), is a foreign corporation incorporated in the State of

Delaware with its principal place of business in Jefferson County, Alabama.

19.   Defendant Atherotech employed Dr. Chimera as the Executive Vice

President of Scientific Development.

20.   Defendant  Atherotech is an employer within the meaning of the ADA and

FMLA.

FACTUAL ALLEGATIONS

21.   Dr. Chimera earned a B.S. Degree in Biology from SUNY Fredonia.

22.   Dr. Chimera earned a PhD in biochemistry and molecular biology from East

Tennessee state University College of Medicine.

23.   Prior to working for Defendant Atherotech, Dr. Chimera acquired 25 years

of experience in the clinical and research laboratory services industries.

24.   His experience prior to working for Atherotech included developing

molecular diagnostics, testing the safety and efficacy of investigation drugs

4

and evaluating the effectiveness of disease management programs.

25.   Prior to working for Atherotech, Dr. Chimera had been a consultant to fortune 100 organizations and academic research centers specializing in evaluating the commercial feasibility of innovative laboratory tests.

26.   Dr. Chimera began his career as the National Director for Molecular Diagnostics at Roche Biomedical Laboratories, and later served as interim general manager for the company's clinical trial division during its merger and formation fo Laboratory Corporation of America.

27.   Atherotech is a diagnostic testing and disease management company.

28.   Atherotech hired Dr. Chimera in January 2012 as its Executive Vice President of Scientific Development.

29.   Dr. Chimera relocated from North Carolina to Birmingham, Alabama.

30.   Dr. Chimera reported directly to Atherotech's CEO and President, Mike Mullen.

31.   Dr. Chimera's responsibilities included identifying, developing and implementing new testing products for Atherotech.

32.   Atherotech hired Dr. Chimera at an annual salary of $170,000, not including benefits, bonuses, and stock options.

33.   Prior to being hired by Atherotech, Dr. Chimera had been diagnosed and

treated for depression.

34. In its active state, Dr. Chimera's depression substantially limits his major life activities of sleeping, concentrating, thinking, communicating, caring for himself, and interacting with others.

35. When Atherotech hired Dr. Chimera, his depression was in remission.

36. Starting in the middle to latter part of 2013, Dr. Chimera's depression became active.

37. Starting in the middle to latter part of 2013, the symptoms of Dr. Chimera's depression returned.

38. In March 2014, Dr. Chimera received a bonus of approximately $53,000 for his 2013 job performance.

39. In April 2014, Dr. Chimera received a pay increase of 3%..

40. From December 2013 to May 2014, Dr. Chimera had numerous conversations with Mike Mullen as well as Atherotech's Vice-President of Human Resources, Frank Bostick, regarding the recurrence of his major depressive disorder.

41. Through these conversations with Mr. Mullen and Ms.Bostick, Dr. Chimera initiated a dialogue with Atherotech about providing a reasonable accommodation for his disability.

42.   Possible accommodations discussed included allowing Dr. Chimera leave
      under the Family and Medical Leave Act ("FMLA"), modified work
      schedules and/or changing the business environment by permitting Dr.
      Chimera to work from home in North Carolina.

43.   Initially, Mr. Mullen and Ms. Bostick seemed open to the idea of
      accommodating Dr. Chimera's depression.

44.   Mr. Mullen offered to allow Dr. Chimera to work from home in North
      Carolina.

45.   Mr. Mullen communicated to Dr. Chimera that other Atherotech executives
      were not required to live in Alabama.

46.   During the week of April 21, 2014, Mr. Mullen informed Dr. Chimera the
      company could provide him with one of the following accommodations: (a)
      a severance package, or (b) permit Dr. Chimera to relocate to and work from
      North Carolina with a reduction in pay and title.

47.   Dr. Chimera expressed that he wanted to continue his employment with the
      Atherotech.

48.   Dr. Chimera expressed he wanted to accept the accommodation of being
      able to relocate to and work from North Carolina.

49.   Mr. Mullen directed Dr. Chimera to follow up on the relocation to North

7

Carolina accommodation with Human Resources.

50. Dr. Chimera complied with the instruction to follow up with Human Resources.

51. In response to Dr. Chimera's acceptance of the relocation accommodation, Ms. Bostick informed Dr. Chimera that the definite specifications of the options would be determined in an interactive discussion in a follow-up meeting.

52. In late April and/or early May 2014, Dr. Chimera attended Athertotech's executive retreat.

53. On May 1, 2014, Fran Bostick communicated to Dr. Chimera that nothing had been formally announced about his relocation accommodation, and that Mike Mullen had announced that Dr. Chimera may be taking on a different role.

54. The week of May 4, 2014, Dr. Chimera requested to have a meeting with Human Resources to discuss the logistics of his relocation to North Carolina.

55. The week of May 11, 2014, Ms. Bostick informed Dr. Chimera that the accommodation of relocating to North Carolina was rescinded.

56. Ms. Bostick informed Dr. Chimera that Atherotech would be severing its

8

employment relationship with him.

57.   Ms. Bostick did not give Dr. Chimera a reason for his termination.

58.   Dr. Chimera had not received any formal discipline from Atherotech.

59.   On May 16, 2014, Atherotech presented Dr. Chimera with a proposed severance package.

60.   The proposed severance package included a non-compete agreement.

61.   In responding to Dr. Chimera's EEOC Charge, Atherotech wrote, "Dr. Chimera failed to meet Atherotech's legitimate performance standards, and the company's reasons for his employment separation with neither discriminatory nor retaliatory."

62.   The Notice of Charge of Discrimination to Atherotech directed the company to provide copies of any supporting documentation for its position.

63.   The only documentation Atherotech provided to the EEOC of any alleged performance problems was an email from Mike Mullen to Fran Bostick dated October 11, 2012, in which he wrote "I have explained to Joe that choosing a subordinate to attend a conference such as this without going through and gaining the approval of her supervisor was a use of poor management judgment . . . Joe is now clear on this, and understands that her supervisor should have been consulted and approved this trip."

64. No other documentation evidencing any alleged failure of Dr. Chimera to meet the company's performance standards was submitted by the Defendant to the EEOC.

## COUNT I
## AMERICANS WITH DISABILITIES ACT

65. Dr. Chimera adopts and incorporates the allegations set forth above in support of this Count.

66. Dr. Chimera is a qualified individual with a disability, as defined by the ADA as amended.

67. The Defendant denied Dr. Chimera a reasonable accommodation for his disability.

68. The Defendant subjected him to the adverse job action of a termination.

69. The Defendant discriminated against Dr. Chimera because of his disability.

70. Dr. Chimera was injured by the Defendant's discriminatory conduct.

**WHEREFORE, PREMISES CONSIDERED**, Dr. Chimera respectfully prays that this Court will grant him relief as follows:

a. Grant Plaintiff declaratory judgment that the employment practices complained of herein are violative of the rights of Dr. Chimera as

secured by the ADA, as amended;

b.    Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys, and those acting in concert with the Defendant and at the Defendant's request, from continuing to violate the ADA;

c.    Grant Plaintiff an award of back pay and employment benefits (plus interest);

d.    Grant Plaintiff an award of compensatory damages to be determined by the trier of fact;

e.    Grant Plaintiff an award of punitive damages to be determined by the trier of fact;

f.    Grant Plaintiff injunctive relief including backpay, reinstatement and/or reasonable front-pay;

g.    Award costs and reasonable attorney's fees to the Plaintiff;

h.    Award pre-judgment and post-judgment interest;

i.    Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees, and expenses.

## COUNT II
## AMERICANS WITH DISABILITIES ACT
## RETALIATION

71.   Dr. Chimera adopts and incorporates the allegations set forth above in

support of this Count.

72.   Dr. Chimera requested an accommodation under the Americans with

Disabilities Act, as amended.

73.   The request for an accommodation was an activity protected by the

Americans with Disabilities Act, as amended.

74.   After Dr. Chimera sought an accommodation for his disability, the

Defendant terminated his employment.

75.   But for Dr. Chimera's request for an accommodation, the Defendant would

not have terminated his employment.

76.   The Defendant retaliated against Dr. Chimera because of his request for an

accommodation.

77.   The Defendant's retaliatory conduct injured Dr. Chimera.

**WHEREFORE, PREMISES CONSIDERED**, Dr. Chimera respectfully

prays that this Court will grant him relief as follows:

a.   Grant Plaintiff declaratory judgment that the employment practices

complained of herein are violative of the rights of Dr. Chimera as

12

secured by the ADA, as amended;

b.    Grant Plaintiff a permanent injunction enjoining the Defendant, its

agents, successors, employees, attorneys, and those acting in concert

with the defendant and at the Defendant's request, from continuing to

violate the ADA;

c.    Grant Plaintiff an award of back pay and employment benefits (plus

interest);

d.    Grant Plaintiff an award of compensatory damages to be determined

by the trier of fact;

e.    Grant Plaintiff an award of punitive damages to be determined by the

trier of fact;

f.    Grant Plaintiff injunctive relief including backpay, reinstatement

and/or reasonable front-pay;

g.    Award costs and reasonable attorney's fees to the Plaintiff;

h.    Award pre-judgment and post-judgment interest;

i.    Plaintiff further prays for such other relief and benefits as the cause of

justice may require, including, but not limited to, an award of costs,

attorney's fees, and expenses.

## COUNT III
## FAMILY AND MEDICAL LEAVE ACT

78. Dr. Chimera adopts and incorporates the allegations set forth above in support of this Count.

79. As of January 2014, the Defendant employed 50 or more employees within 75 miles of the location where Dr. Chimera worked.

80. As of January 2014, Dr. Chimera had worked for the Defendant for 12 months.

81. As of January 2014, Dr. Chimera had worked over 1,250 hours for the Defendant in the preceding 12 months.

82. As of January 2014, Dr. Chimera was eligible for leave under the FMLA.

83. Dr. Chimera requested FMLA leave for absences related to his depression.

84. The Defendant did not grant Dr. Chimera FMLA leave.

85. In denying Dr. Chimera FMLA leave, the Defendant interfered with his rights under the FMLA

86. The Defendant denied the protection of the FMLA to absences Dr. Chimera had from work which should have qualified for FMLA leave.

87. In denying Dr. Chimera the protection of the FMLA for his absences, the Defendant interfered with his rights under the FMLA.

88.   In responding to Dr. Chimera's EEOC Charge, the Defendant pointed to absences Dr. Chimera had from work that were related to his depression as evidence of poor performance and/or leadership that led to Dr. Chimera's termination.

89.   To the extent the Defendant used Dr. Chimera's absences that should have been protected by the FMLA as a reason to terminate his employment, the Defendant retaliated against Dr. Chimera in violation of the FMLA.

WHEREFORE, PREMISES CONSIDERED, Dr. Chimera respectfully requests the entry of judgment against the Defendant for violation of the Family and Medical Leave Act, as amended, pursuant to an Order by which the Court:

    i.     awards backpay;

    ii.    awards liquidated damages;

    iii.   awards injunctive relief, including, but not limited to, backpay, reinstatement and/or reasonable front pay;

    iv.   awards pre-judgment and post-judgment interest;

    v.    awards that relief which is fair, reasonable and just;

    vi.   awards a reasonable attorney's fee; and

    vii.  taxes costs against said defendant.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY.**

_Heather Newsom Leonard_
Heather Newsom Leonard
ASB-1152-O61H
ATTORNEY FOR PLAINTIFF

OF COUNSEL:

HEATHER LEONARD, P.C.
P. O. Box 43768
Birmingham, AL 35243
Phone:        (205) 977-5421
Facsimile:    (205) 278-1400
Heather@HeatherLeonardPC.com


SERVE DEFENDANT VIA CERTIFIED MAIL:

Atherotech, Inc.
c/o Ricky W. Thomas, Registered Agent
201 London Parkway, Suite 400
Birmingham, AL 35211

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH CHIMERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| ATHEROTECH, INC. d/b/a | ) |
| ATHEROTECH DIAGNOSTICS | ) |
| LAB, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT
Exhibit 1 - EEOC Charge 420 2014 02761

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| ⌐                                  ⌐<br><br>**Fran Bostick**<br>**Human Resources Executive**<br>**ATHEROTECH**<br>**201 London Parkway**<br>**Suite 400**<br>**Birmingham, AL 35211**<br>⌐                                  ⌐ | **Joe Chimera** |
| | THIS PERSON *(check one or both)*<br><br>☐ Claims To Be Aggrieved<br><br>☐ Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>**420-2014-02761** |

## NOTICE OF CHARGE OF DISCRIMINATION
*(See the enclosed for additional information)*

This is notice that a charge of employment discrimination has been filed against your organization under:

☐ Title VII of the Civil Rights Act (Title VII)   ☐ The Equal Pay Act (EPA)   ☒ The Americans with Disabilities Act (ADA)

☐ The Age Discrimination in Employment Act (ADEA)   ☐ The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. ☐ No action is required by you at this time.

2. ☐ Please call the EEOC Representative listed below concerning the further handling of this charge.

3. ☒ Please provide by **30-SEP-14** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. ☐ Please respond fully by to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. ☒ EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by        **12-SEP-14**
   to   **Debra B. Leo, ADR Coordinator, at  (205) 212-2033**
   If you <u>DO NOT</u> wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

**ANGELA T. HOWARD,**
**Intake Supervisor**

*EEOC Representative*

*Telephone*   **(205) 212-2030**

Enclosure(s): ☒ Copy of Charge

**Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street**
**Birmingham, AL 35205**
**Fax: (205) 212-2105**

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

☐ Race   ☐ Color   ☐ Sex   ☐ Religion   ☐ National Origin   ☐ Age   ☒ Disability   ☒ Retaliation   ☐ Genetic Information   ☐ Other

## See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| **August 22, 2014** | **Delner  Franklin-Thomas,**<br>**District Director** | *Delner Franklin-Thomas* |

*Enclosure with EEOC*
*Form 131 (11/09)*

## INFORMATION ON CHARGES OF DISCRIMINATION

### EEOC RULES AND REGULATIONS

Section 1601.15 of EEOC's regulations provides that persons or organizations charged with employment discrimination may submit a statement of position or evidence regarding the issues covered by this charge.

EEOC's recordkeeping and reporting requirements are found at Title 29, Code of Federal Regulations (29 CFR): 29 CFR Part 1602 (see particularly Sec. 1602.14 below) for Title VII and the ADA; 29 CFR Part 1620 for the EPA; and 29 CFR Part 1627, for the ADEA. These regulations generally require respondents to preserve payroll and personnel records relevant to a charge of discrimination until disposition of the charge or litigation relating to the charge. (For ADEA charges, this notice is the written requirement described in Part 1627, Sec. 1627.3(b)(3), .4(a)(2) or .5(c), for respondents to preserve records relevant to the charge – the records to be retained, and for how long, are as described in Sec. 1602.14, as set out below). Parts 1602, 1620 and 1627 also prescribe record retention periods – generally, three years for basic payroll records and one year for personnel records. Questions about retention periods and the types of records to be retained should be resolved by referring to the regulations.

**Section 1602.14   Preservation of records made or kept.** . . . . Where a charge ... has been filed, or an action brought by the Commission or the Attorney General, against an employer under Title VII or the ADA, the respondent ... shall preserve all personnel records relevant to the charge or the action until final disposition of the charge or action. The term *personnel records relevant to the charge*, for example, would include personnel or employment records relating to the aggrieved person and to all other aggrieved employees holding positions similar to that held or sought by the aggrieved person and application forms or test papers completed by an unsuccessful applicant and by all other candidates or the same position as that for which the aggrieved person applied and was rejected. The date of *final disposition of the charge or the action* means the date of expiration of the statutory period within which the aggrieved person may bring [a lawsuit] or, where an action is brought against an employer either by the aggrieved person, the Commission, or the Attorney General, the date on which such litigation is terminated.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Section 704(a) of Title VII, Section 207(f) of GINA, Section 4(d) of the ADEA, and Section 503(a) of the ADA provide that it is an unlawful employment practice for an employer to discriminate against present or former employees or job applicants, for an employment agency to discriminate against any individual, or for a union to discriminate against its members or applicants for membership, because they have opposed any practice made an unlawful employment practice by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the statutes. The Equal Pay Act contains similar provisions. Additionally, Section 503(b) of the ADA prohibits coercion, intimidation, threats, or interference with anyone because they have exercised or enjoyed, or aided or encouraged others in their exercise or enjoyment, of rights under the Act.

Persons filing charges of discrimination are advised of these Non-Retaliation Requirements and are instructed to notify EEOC if any attempt at retaliation is made. Please note that the Civil Rights Act of 1991 provides substantial additional monetary provisions to remedy instances of retaliation or other discrimination, including, for example, to remedy the emotional harm caused by on-the-job harassment.

### NOTICE REGARDING REPRESENTATION BY ATTORNEYS

Although you do not have to be represented by an attorney while we handle this charge, you have a right, and may wish to retain an attorney to represent you. If you do retain an attorney, please give us your attorney's name, address and phone number, and ask your attorney to write us confirming such representation.

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | EEOC-2014 C 2761 |

and EEOC

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. Joe Chimera | ...-...10 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| | | ...1958 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Atherotech | more than 15 | (877) 901-8510 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 201 London Parkway | Birmingham, AL 35211 | Jefferson |

| NAME | | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] AGE
[X] RETALIATION  [ ] NATIONAL ORIGIN  [X] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)       LATEST (ALL)
5/17/2014

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I am a qualified individual with a disability. My condition was known to the Respondent. The Respondent also regarded me as disabled. I requested a reasonable accommodation from the Respondent. Initially, the Respondent indicated a willingness to accommodate me. However, the Respondent changed its position and terminated my employment.

My requests for accommodation were protected under the Americans with Disabilities Act. The Respondent failed to provide me with a reasonable accommodation for my disability. The Respondent terminated me because of my disability and/or my requests for accommodation. I believe I have been discriminated against in violation of the Americans with Disabilities Act, as amended. I believe I have been retaliated against in violation of the Americans with Disabilities Act, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 8-12-2014 | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |
| Date          Charging Party (Signature) | |

EEOC FORM 5 (10/94)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JOSEPH CHIMERA,                          )
                                         )
    Plaintiff,                            )
                                         )
vs.                                      )
                                         )
ATHEROTECH, INC. d/b/a                   )
ATHEROTECH DIAGNOSTICS                   )
LAB,                                     )
                                         )
    Defendant.                            )

## COMPLAINT

Exhibit 2 - Notice of Right to Sue for EEOC Charge 420 2014 02761

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Joe Chimera

From:  **Birmingham District Office**
**Ridge Park Place**
**1130 22nd Street**
**Birmingham, AL 35205**

[ ]  On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2014-02761 | **MICHAEL G. ALBERT,** Investigator | **(205) 212-2111** |

(See also the additional information enclosed with this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court **WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

MAR 18 2015

*Delner Franklin-Thomas,*
**Delner  Franklin-Thomas,**
**District Director**

(Date Mailed)

Enclosures(s)

CC:
Lynlee W. Palmer
GILPIN GIVHAN, PC
3595 Grandview Parkway
Suite 400
Birmingham, AL 35243

Heather Leonard
HEATHER LEONARD, PC
Post Office Box 43768
Birmingham, AL 35243

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**the Genetic Information Nondiscrimination Act (GINA), or the Age**
**Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date.**  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit **before 7/1/10** -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

U.S. Equal Employment Opportunity Commission
Birmingham District Office
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205-2397

**OFFICIAL BUSINESS**
Penalty for Private Use $300

BIRMINGHAM
AL 350
18 MAR '15
PM 2 1



UNITED STATES POSTAGE
PITNEY BOWES
02 1P     $ 000.48°
0000808113     MAR 18 2015
MAILED FROM ZIP CODE 35205

Joe Chimera
Heather Leonard, PC
c/o Attorney Heather Leonard
P. O. Box 43768
Birmingham, AL  35243

35243076868